IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES T. WARREN, | ) | CASE NO. 3:08 CV 3029 |
| | ) | |
| Petitioner, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| ROBERT WELCH, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before by referral[1] is the *pro se* petition of James T. Warren for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Warren is currently incarcerated at the Hocking Correctional Facility in Nelsonville, Ohio,[3] where he is serving a six-year sentence for involuntary manslaughter imposed by the Lucas County (Ohio) Court of Common Pleas.[4] Warren pled guilty to the offense after entering into a plea agreement.[5]

---

[1] This matter was referred to me pursuant to Local Rule 72.2 in a non-document order entered February 4, 2009.

[2] ECF # 1.

[3] *See*, http://www.drc.ohio.gov. Warren's petition gives his place of imprisonment as the Toledo Correctional Institution (ECF # 1 at 1), as does the State's Amended return of the writ (ECF # 12 at 1). However, the most recent information from the Ohio Department of Rehabilitation and Correction indicates that he is incarcerated as noted above.

[4] ECF # 12, Attachment (state court record) at 34 (decision of the state appeals court).

[5] *Id.*

In this petition, Warren asserts two grounds for relief: (1) that the trial court violated his due process and equal protection rights as applied by the Ohio Supreme Court in *State v. Foster*[6] in imposing more than the minimum sentence;[7] and (2) that the sentence imposed was excessive and so violated the Eighth Amendment.[8]

The State responds by primarily contending that Warren's petition should be dismissed as procedurally defaulted since he failed to make a timely appeal to the Supreme Court of Ohio, which then denied his motion to file a delayed appeal without addressing the merits.[9] Alternatively, the State further argues that Warren also procedurally defaulted ground one because he raised no contemporaneous objection at trial to his sentence and the state appeals court applied this rule in denying his claim.[10] It also maintains that ground two should be dismissed as waived since Warren did not fairly present this claim to the Ohio courts,[11] or, alternatively, dismissed as non-cognizable since, as presented to the Ohio courts, it alleged an abuse of discretion by the trial court which is not cognizable in a federal habeas proceeding.[12]

---

[6] *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006).

[7] ECF # 1 at 6.

[8] *Id*. at 7-8.

[9] ECF # 12 at 7.

[10] *Id.* at 10.

[11] *Id*. at 12-14.

[12] *Id*. at 14.

Warren has filed a traverse essentially maintaining that any procedural default grounded on a failure to timely appeal to the Ohio Supreme Court should be excused because his delay was due to him being "an indigent, mentally ill, *pro se* inmate with no formal legal training."[13]

For the reasons that follow, I will recommend finding first the State's arguments to be persuasive and so further recommending that this petition be dismissed as procedurally defaulted.

## Facts

**A.     Underlying facts/plea and sentence**

The underlying facts are not complex nor are they disputed. As the Ohio appeals court found,[14] Warren was indicted on one count of involuntary manslaughter arising out of an incident where he struck the victim – a person he did not know – once, causing that person to fall, strike his head, and later die of his injury.[15] After initially entering a plea of not guilty, Warren withdrew that plea and, under a plea agreement with the state, then pled guilty.[16] By terms of that plea agreement, the state agreed to recommend a sentence of

---

[13] ECF # 11 at 7.

[14] Factual findings made by the state appeals court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254 (e)(1); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[15] ECF # 12, Attachment at 34.

[16] *Id*.

six years,[17] which was the sentence eventually imposed by the trial court.[18] As observed here by the State, the sentencing hearing transcript does not disclose any objection by Warren to being sentenced to the agreed-to period of six years.[19]

**B.     Direct appeal**

*1.     The court of appeals*

Subsequent to his conviction and sentence, Warren, now represented by new counsel, timely filed an appeal, raising the following two assignments of error:

1.   The Ohio Supreme Court's decision in *Foster* violates the Separation of Powers as set forth in the United States and Ohio Constitutions. As such, Warren's due process and equal protection rights were violated.[20]

2.   The sentence imposed was excessive and not supported by the facts of the case.[21]

The state court of appeals denied each of Warren's assignments of error, affirming the judgment of the trial court. As to the alleged due process and equal protection claim, the Ohio court noted first, citing Ohio's contemporaneous objection rule, that Warren had

---

[17] *Id.*

[18] *Id.* at 91 (state recommendation, sentencing hearing transcript), 99 (trial judge's acceptance and imposition of recommended sentence).

[19] In fact, at the sentencing hearing, far from objecting to the agreed-to sentence, Warren's counsel told the court, "He's remorseful, *he's ready to take whatever this Court gives him.*" *See*, *id*. at 88 (emphasis added). When asked immediately after this statement if he had anything he wanted to tell the court, Warren simply said, "I just want to apologize to the victim's family for any pain and suffering that I caused." *Id.* at 89.

[20] *Id.* at 11.

[21] *Id.*

waived or forfeited this claim by not raising it at sentencing.[22] Alternatively, the court concluded on the merits that, consistent with its prior holding, *Foster*, which permits Ohio courts to impose any sentence within the statutory range for the offense without making any findings as to the reason or articulating any basis, does not violate the Constitution.[23]

As regards Warren's second assignment of error, the Ohio court found under an abuse of discretion analysis that the trial court – which, as it noted, was not required under *Foster* to make any findings in order to impose any sentence within the statutory range – did not abuse its discretion in imposing a six-year sentence here, where it did find on the record that: (1) the sentencing statute concerning involuntary manslaughter provides for a prison term of three to ten years; (2) Warrens' prior criminal history included ten felony and 72 misdemeanor convictions; (3) the pretrial report indicated that Warren, while "not psychotic," needed to take medication for an acknowledged mental health issue; and (4) based on these facts, Warren was "not a candidate for community control."[24] On that record, the appeals court concluded, "we cannot say that the trial court abused its discretion when it sentenced [Warren] to six years of imprisonment."[25]

---

[22] *Id*. at 34-35, citing *State v. Payne*, 114 Ohio St. 3d 502, 873 N.E.2d 306 (2007).

[23] *Id*. at 35 (citation omitted).

[24] *Id*. at 36.

[25] *Id*. at 37.

## *2.    The Supreme Court of Ohio*

Warren, now *pro se*, then sought to file an admittedly untimely appeal to the Supreme Court of Ohio.[26] In his motion for a delayed appeal, Warren argued that he had made a filing with the Ohio Supreme Court within the requisite 45-day period, but acknowledged that the affidavit of indigency submitted with that filing did not conform to Ohio Supreme Court rules; a defect he claimed was due to his prison law library not having a copy of the most recent relevant rules available.[27] Thus, he sought leave to file his appeal beyond the 45-day period.

The Supreme Court of Ohio denied Warren's motion to file a delayed appeal and dismissed the appeal.[28]

## *3.    Federal habeas petition*

While his motion for delayed appeal was still pending in the Ohio Supreme Court, Warren, *pro se*, filed this petition for federal habeas relief raising two grounds for relief:

> GROUND ONE: The trial court erred by not imposing the minimum sentence available in violation of Mr. Warren's due process and equal protection rights.
>
> Supporting Facts: The Ohio Supreme Court's decision in *Foster* violates the Separation of Powers as set forth in the United States and Ohio Constitutions. As such, Mr. Warren's due process and equal protection rights were violated.[29]

---

[26] *Id.* at 38-41.

[27] *Id.* at 39.

[28] *Id.* at 47.

[29] ECF # 1 at 6.

> GROUND TWO: The sentence imposed was excessive and not supported by the facts of the case in violation of Mr. Warren's 8th Amendment rights.
>
> <u>Supporting Facts</u>: Mr. Warren is homeless and mentally ill. The crime was not premeditated and Warren consistently insisted that he was responding to a perceived threat after being struck by the victim's umbrella. He struck the victim once, not repeatedly. Warren should have received a sentence that was consistent with the Court's Diagnostic opinion that he needs "ongoing mental health treatment, stable housing and chemical dependency treatment."[30]

As noted, the State asserts that both grounds are procedurally defaulted because, after they were presented to the state appeals court and there denied, Warren did not timely appeal that denial to the Ohio Supreme Court, which rejected his attempt to file a delayed appeal.[31] The State further argues that ground one is also procedurally defaulted for the additional reason that Warren made no contemporaneous objection to his sentence at the time it was imposed.[32]

As to the second ground for relief, the State contends it is waived as not first fairly presented to the Ohio courts, inasmuch as Warren merely argued to the Ohio appeals court that the record did not support a six-year sentence and did not raise the Eighth Amendment argument until his federal habeas petition.[33] Alternatively, the State maintains that ground

---

[30] *Id*. at 7-8.

[31] ECF # 12 at 7-10.

[32] *Id*. at 10-12.

[33] *Id*. at 12-13.

two, which was presented to the Ohio appeals court as a claim that the trial court abused its discretion in sentencing, is non-cognizable in a federal habeas petition.[34]

In his traverse, Warren attempts to excuse his late filing with the Ohio Supreme Court by claiming that his *pro se* status, combined with deficiencies in the prison library, should be sufficient to establish cause for the default.[35]

## Analysis

**A.  Preliminary issues**

As a preliminary matter, I note that the parties do not dispute the following facts, which my independent review of the record also establishes:  (1) that Warren is currently in state custody in Ohio as a result of his conviction for involuntary manslaughter and the sentence imposed as a result of that conviction; (2) that Warren's present petition for federal habeas relief was filed within one year of the conclusion of his direct appeal; and (3) that the grounds for relief asserted here are exhausted in the Ohio courts.  Accordingly, I recommend finding that these predicate grounds for obtaining habeas relief have been satisfied.  I also note that Warren has not requested an evidentiary hearing.

**B.  Standard of review – Procedural default**

Under the doctrine of procedural default, the federal habeas court is precluded from reviewing a claim for relief if the petitioner failed to obtain consideration of that claim on its

---

[34] *Id*. at 14.

[35] ECF # 11 at 7-9.

merits in state court, either because the petitioner failed to raise it when state remedies were still available or because of some other violation of a state procedural rule.[36]

When a violation of a state procedural rule is alleged as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

>  (1)    Does a state procedural rule exist that applies to the petitioner's claim?
>
>  (2)    Did the petitioner fail to comply with that rule?
>
>  (3)    Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?
>
>  (4)    Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[37]

In addition to establishing these elements, the state procedural rule must be shown to be (a) firmly established and (b) regularly followed before the federal habeas court will decline to review an allegedly procedurally defaulted claim.[38]

If a procedural default is established, the default may be overcome if the petitioner can show cause for the default and actual prejudice from the court's failure to address the alleged

---

[36] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

[37] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

[38] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

constitutional violation.[39] In addition, procedural default may also be excused by a showing of actual innocence.[40]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, precluded him from complying with the state procedural rule.[41] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension.[42] There can be no prejudice if the petitioner cannot show a reasonable probability of a different outcome at trial.[43]

Notwithstanding these elements, the Supreme Court has held that federal habeas courts are not required to consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[44] In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[45]

---

[39] *Deitz v.Money*, 391 F.3d 804, 808 (6th Cir. 2004).

[40] *Id*.

[41] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

[42] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[43] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

[44] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[45] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

### C. Warren's petition should be dismissed as procedurally defaulted.

As is evident from the undisputed record, Warren did not timely file an appeal with the Supreme Court of Ohio from the denial of his direct appeal. Warren himself states that his initial attempt to file with the Ohio Supreme Court did not include a proper affidavit of indigency as required by Ohio Supreme Court Practice Rule XV, Section 3, and so was refused.[46]

The State observes that the denial by the Ohio Supreme Court of a motion for leave to file a delayed appeal is a procedural ruling sufficient to bar federal court review of a habeas petition.[47] Specifically, as this Court recently held in *Stewart v. Russell*,[48] because a motion for leave to file a delayed appeal in the Supreme Court of Ohio is a procedural motion that does not present constitutional claims on their merits to that court, the denial of such a motion "is purely a procedural judgment, not a judgment on the merits."[49] Thus, where a petitioner has been denied leave to appeal by the Ohio Supreme Court, he has procedurally defaulted his claim.[50] This is because, as this Court explicitly concluded in *Stewart*, Ohio Supreme Court Practice Rule II, Section 2(A)(4)(a), which governs the granting of leave to file a delayed appeal in the Ohio Supreme Court, is, under the standards for determining the

---

[46] ECF # 11 at 7.

[47] ECF # 12 at 8.

[48] *Stewart v. Russell*, No.1:01-cv-1785, 2009 WL 2391525 (N.D. Ohio July 29, 2009) (Oliver, J.).

[49] *Id*. at *3, citing *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).

[50] *Id.*

existence of a procedural default detailed earlier, "an adequate and independent state procedural rule" by which to foreclose federal habeas review.[51]

Having established that Warren procedurally defaulted his claim, the next issue is whether he has established both cause to excuse the default and prejudice from this Court not addressing his constitutional claims. Although to avoid the procedural default Warren must establish both cause and prejudice,[52] I recommend finding that he has established neither.

As regards "cause," Warren's essential argument is that since he is indigent, *pro se*, mentally ill and without legal training, it would be "unjust" for this Court to deny him a review of his petition simply because he "accidentally omitted one piece of information on his affidavit of indigency to the Ohio Supreme Court."[53] First, the assertion that a petitioner's *pro se* status or lack of legal training can establish cause for a procedural default was explicitly rejected by the Sixth Circuit in *Bonilla*.[54] Second, there is no finding anywhere in the record that Warren's medical condition rendered him incompetent to stand trial, enter a plea or otherwise prosecute an appeal.[55] Third, as to whether this Court in its

---

[51] *Id.* at *5.

[52] Alternatively, as noted earlier, procedural default may also be excuse by actual innocence. However, that claim was not asserted here.

[53] ECF # 11 at 9.

[54] *Bonilla*, 370 F.3d at 498, citing *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995).

[55] In fact, the sentencing hearing established that although Warren takes psychotropic medication (ECF # 12, Attachment at 60), he completed 12 grades of education, receiving a GED (*id.* at 59) and fully understood his plea (*id.* at 77).

own subjective judgment may overlook a requirement of the Ohio Supreme Court Rules, relied on here, as being inconsequential, the United States Supreme Court has "reemphasized that it is not the province of a federal habeas court to re-examine state-court determinations of state-law questions."[56] I recommend concluding that Warren has not shown cause for excusing his procedural default.

In addition, Warren has not established any prejudice from this Court not reviewing his claims. Specifically, I note first that Warren's claim that imposition of a non-minimum sentence violates due process and equal protection has been repeatedly made and uniformly rejected by federal habeas courts in Ohio as without merit.[57] Moreover, and just as important, as Judge Gaughan recently ruled in *Salce v. Wilson*,[58] any sentence imposed as a result of a plea agreement, as was the sentence in this case, which is also within the lawful statutory range, as again was the sentence here, does not violate *Foster*.[59] Further, as the

---

[56] *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

[57] For cases where just this Court has specifically rejected such arguments, *see*, *e.g.*, *Woody v. Welch*, Case No. 3:08-cv-2534, 2009 WL 1440828 (N.D. Ohio May 20, 2009) (Oliver, J.); *Newman v. Wilson*, Case No. 5:08-cv-483, 2009 WL 1212262 (N.D. Ohio April 30, 2009) (Oliver, J.); *Smith v. Wilson*, Case No. 1:08-cv-845, 2008 WL 4758696 (N.D. Ohio Oct. 29, 2008) (Oliver, J.); *Pitts v. Warden*, Case No. 3:08-cv-497, 2008 WL 4758697 (N.D. Ohio Oct. 29, 2008) (Oliver, J.); *Lyles v. Jeffreys*, Case No. 3:07-cv-1315, 2008 WL 1886077 (N.D. Ohio April 24, 2008) (Oliver, J.).

[58] *Salce v. Wilson*, Case No. 3:08-cv-674, 2009 WL 1797923 (N.D. Ohio June 24, 2009) (Gaughan, J.).

[59] *Id.* at *10, citing *Canady v. Warden*, No. 1:08-cv-089, 2009 WL 1097536 (S.D. Ohio April 22, 2009).

State correctly observes, Warren did not fairly present an Eighth Amendment argument regarding his sentence to the Ohio appeals court and so it could not be considered here.[60] Accordingly, I further recommend finding that Warren has not established any prejudice resulting from this Court not considering his claim.

## Conclusion

For the foregoing reasons, I recommend that the petition of James T. Warren for a writ of habeas corpus be dismissed as procedurally defaulted.

Dated:   December 23, 2009                                      s/ William H. Baughman, Jr.
                                                                United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[61]

---

[60] *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987) (same claim under the same theory must have been presented to the state courts as is now asserted to the federal court).

[61] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).